UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE, by and through
DANIELLE VEGA, as Parent and
Natural Guardian,

        Plaintiff,

CASE NO.:

-vs-

SCHOOL BOARD OF ORANGE
COUNTY, FLORIDA.

        Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, DANIELLE VEGA, by and through undersigned counsel, and as parent of her minor daughter, JANE DOE, hereby files this Complaint against Defendant, School Board of Orange County, Florida (hereinafter "Defendant" or "School Board"), and states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question).

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C.

§1367 over Plaintiff's state law claims as they arise out of the same common nucleus of facts as her federal claims.

3. Venue is proper pursuant to 28 U.S.C. §1391(b)

## THE PARTIES

4. At all relevant times, Defendant was a public school district located in Orange County, Florida.

5. At all relevant times, Orange County Virtual School was and is now a public elementary school within Defendant School District.

6. At all relevant times, JANE DOE, a minor, resided with her Natural mother in Orange County, Florida.

## CONDITIONS PRECEDENT

7. All conditions precedent to bringing the claims in this lawsuit have been satisfied and/or waived. On or about July 15th, 2021, Plaintiff served a letter pursuant to § 768.28(6) of the Florida Statutes, to the School Board and the Department of Insurance of the State of Florida.

8. The statutory waiting period for Plaintiff to assert claims against the School Board has since expired.

9. All other conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.[1]

---

[1] There are no conditions precedent under Title IX. *Cannon v. University of Chicago*, 441 U.S. 677 (1979)

## FACTUAL ALLEGATIONS

10. Plaintiff's daughter, JANE DOE, was a victim of a prior pattern of grooming and sexual abuse via social media in July 2020.

11. Defendant had actual knowledge of this prior incident.

12. As a response to this pattern of abuse, Plaintiff took away JANE DOE's access to technology, including her phone, and was very wary of her daughter using technology, as this would mean her having access to social media.

13. Plaintiff's son had already been going to school within Defendant's district remotely using a computer provided by Defendant, so Plaintiff was aware that Defendant installed software that blocked access to websites such as social media.

14. In fact, Defendant advertised this safety feature to parents within the district through its online websites and had a section on cyber security in its handbook.

15. Additionally, Defendant's own policy prohibits access to social media on the computers that it provides to elementary and middle school students.

In reliance of the aforementioned, Plaintiff procured a laptop computer from Defendant so that JANE DOE could attend school virtually during the COVID-19 pandemic.

16.     Defendant, without Plaintiff's knowledge, provided JANE DOE with a laptop without consistent website blocking software to prevent minors from using social media.

17.     As a result of Defendant's oversight, JANE DOE had full access to the internet, including social media, without parental notice.

18.     During JANE DOE's unfettered access to social media, a 26-year-Old man, Keith Green, Jr. ("Mr. Green"), targeted the minor.

19.     Around September 2020, Mr. Green began contacting JANE DOE through Defendant's laptop via social media used during school hours and on school days.

20.     As such, this predator initiated a pattern of grooming the 12-year-old minor JANE DOE into a victim of sexual assault.

21.     Mr. Green shared his plan to initiate a romantic and/or sexual relationship with JANE DOE and have JANE DOE move in with him, while 'laying low" and representing to the world that she was his niece.

22.     Mr. Green attempted for days to lure JANE DOE to leave her home to be with him by, amongst other things, promising to get her a new iPhone.

23.     Danielle Vega had no knowledge about the lack of security

measures on Defendant's laptop until Friday, September 25, 2020, approximately 12 hours before Mr. Green kidnapped her daughter, which did not leave her sufficient time to alert officials.

24. On Saturday, September 26, 2020, after days of grooming the minor during school, Mr. Green, kidnapped JANE DOE from her home with the intent to leave the state with her.

25. JANE DOE had last been seen at approximately 2:00 PM. As a result of the kidnapping, an Amber alert was issued.

26. Due to Defendant's failure to ensure that Danielle Vega, as the parent and legal guardian of the minor JANE DOE, had access to her school laptop, Danielle Vega could not unlock the laptop for police to aid in promptly recovery of her daughter during a crime in progress.

27. In the time between JANE DOE's disappearance and recovery, Mr. Green sexually assaulted JANE DOE

28. Later that day, Mr. Green was arrested by the police, and JANE DOE was recovered around 10:37 P.M. in Santa Rosa County.

29. Since the assault took place, Defendant has not ensured that JANE DOE has ongoing access to education free of the hostile environment this kidnapping and sexual abuse created for her.

30. Moreover, in the immediately aftermath of the assault, Plaintiff

5

requested non-electronic educational options to continue JANE DOE's education. Defendant's answer was to inform Plaintiff that there were no non-electronic options, and only gave her the option to pick up another laptop.

31. Defendant's offer to provide JANE DOE with another laptop was not a viable option for a child who had just been groomed and sexually assaulted by an offender who initially contacted her on a computer.

32. Defendant also failed to inform Danielle Vega about her rights and options to obtain supportive academic measures for JANE DOE through Title IX or applicable disability law.

33. Instead, Defendants have only recommended that JANE DOE – a middle school student suffering the effects of sexual trauma – be placed in alternative educational settings for troubled high schoolers to deny her equal access to education.

34. Such a placement would effectively punish JANE DOE by providing her inequitable and inferior educational opportunities, so Danielle Vega has rightly refused such unacceptable recommendations.

35. To this day JANE DOE is missing all of her 6th grade year credits and the Defendant has no plan to address this critically important matter. Instead, the Defendant has moved JANE DOE into 7th and 8th grade without 6th grade transcripts as if that school year never happened.

6

In fact, the Defendant has no record of JANE DOE even being enrolled in 6th grade.

36.     Because of this failure by the Defendant, Plaintiff has been left to figure out how JANE DOE is supposed to complete 8th grade and 6th grade before the end of the year so that she can proceed to high school.  She cannot enter into 9th grade without all of her 6th grade credits.

37.     Defendant has informed Plaintiff that if she moves JANE DOE back into regular school, they will require her to return to 6th grade.  In essence, Defendant will be punishing JANE DOE for its own gross negligence and for its failure to provide her with any reasonable educational alternatives.

38.     Plaintiff spent the balance of 2020 searching for private school alternatives for JANE DOE  As a result, JANE DOE did not re-enter a classroom until the spring of 2021. To this day, Defendant has taken no steps to assist and/or provide JANE DOE any form of reasonable educational alternative since her abduction.

39.     The assault, the possibility of future assault, and Defendant's response to the assault distressed the Plaintiffs, and has an ongoing, unremedied affected on JANE DOE's primary education for the last two years.

40.     Defendant's failure to properly assess the safety measures of the

laptop computer provided to Plaintiffs caused Plaintiff to be exposed to predatory online behavior.

41. Defendant's response, or lack thereof, to the incident left clear indication that incidents of this matter could repeat themselves.

42. Plaintiff was forced to transfer schools to an alternative educational setting, struggles with the effects of sexual trauma, including self-harm in the form of cutting, and she has fallen behind almost two full years during her primary educational years.

## **FIRST CLAIM FOR RELIEF- NEGLIGENCE PER SE**

43. Plaintiff incorporates by reference as though fully set out herein the allegations of Paragraphs 1-42 of this Complaint.

44. Defendants are subject to the Children's Internet Protection Act (CIPA) and the Neighborhood Internet Protection Act (NCIPA).

45. As a result of Defendant's negligence, Plaintiffs suffered emotional pain and humiliation and seek monetary damages for Defendant's actions.

WHEREFORE, Plaintiff DANIELLE VEGA demands judgment for compensatory damages in an amount to be determined by a jury and such other and further relief as this Court deems just and proper.

## **SECOND CLAIM FOR RELIEF – TITLE IX (DELIBERATE INDIFFERENCE & HOSTILE ENVIRONMENT)**

46. Plaintiff incorporates by reference as though fully set out herein the allegations of Paragraphs 1-42 of this Complaint.

47. At all relevant times, Defendant was a federal funding recipient subject to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*.

48. At all relevant times, Danielle Vega had enrolled JANE DOE as a student at Orange County Virtual School, which is a school under the control and direction of Defendant according to § 1003.31, Fla. Stat.

49. During JANE DOE's enrollment, Defendant failed to prevent the known risk of online grooming and sexual harassment of minors through its electronic devices require for virtual learning.

50. Due to the lack of social media blocks on Defendant's laptops for students, JANE DOE suffered severe, pervasive, and objectively offensive sexual harassment in the form of Mr. Green grooming the minor before kidnapping and sexually assaulting her.

51. Among other things, Mr. Green solicited child pornographic images from JANE DOE, which were transmitted on or through Defendant's laptops without any detection or prevention by the school district.

52. At all times relevant, Defendant had substantial control over the

context of the harassment, which occurred on its laptops issued to minor students based upon safety assurances made to the parents for virtual based learning from their homes.

53. Furthermore, Departmental Regulations following the 2020 amendments to Title IX include remote learning platforms as settings wherein reports of sexual harassment should be addressed.

54. At all times relevant, Defendant had substantial control over the harasser's ability to reach the minor JANE DOE virtually but failed to exercise such control due to its own inexplicable failures to ensure the safety of minor students in its care.

55. Such online grooming and sexual abuse within JANE DOE's virtual learning environment, and her subsequent kidnapping from home, created a hostile learning environment within Defendant's virtual learning program.

56. After the kidnapping and sexual assault of JANE DOE, Defendant responded to the hostile learning environment with deliberate indifference by refusing to offer non-virtual learning options that ensured JANE DOE's equal access to education.

57. Instead, Defendants demonstrated their deliberate indifference by suggesting the sexually victimized minor should be placed with high school students in alternative educational settings for behavioral issues that

include, upon information and belief (and among other things), engaging in student sexual misconduct.

58. Defendants' actions were deliberately punitive against the Plaintiff, in violation of Departmental Regulations 85 FR 30026-01.

59. As a result of Defendant's deliberate indifference, JANE DOE has been effectively denied equal access to education. To date, Defendants have refused to provide JANE DOE an equitable educational placement or remedial measures meant to remedy her educational access caused by the online harassment followed by sexual violence.

WHEREFORE, Plaintiff DANIELLE VEGA demands judgment for compensatory damages in an amount to be determined by a jury and such other and further relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF– 42 U.S.C. §1983 (FAILURE TO TRAIN)**

60. Plaintiff incorporates by reference as though fully set out herein the allegations of Paragraphs 1-42 of this Complaint.

61. Defendant's employees failed to address the incident according to proper Title IX regulations.

62. Employees' negligent and indifferent conduct are the direct result of Defendant's failure to train employees according to the Title IX handbook.

63. Because of Defendant's failure to train its employees, JANE

11

DOE's, and consequently, Plaintiff's constitutional rights have been violated, including the right to equal education and the right to be free from sexual assault.

WHEREFORE, Plaintiff DANIELLE VEGA demands judgment for compensatory damages in an amount to be determined by a jury and such other and further relief as this Court deems just and proper.

## **FOURTH CLAIM FOR RELIEF – NEGLIGENCE**

64. Plaintiff incorporates by reference as though fully set out herein the allegations of Paragraphs 1-27 of this Complaint.

65. Defendants' failures described above created a foreseeable risk that underage students in Defendants' care, including Plaintiff, would be sexually victimized. Plaintiff's interest in being a protected and free from child sexual abuse was an interest of a kind that the law protects against negligent invasion.

66. Defendants' failures were direct and foreseeable causes of all or some of Plaintiff's abuse and damages, as alleged above. As a result and consequence of Defendants' negligence, Plaintiff has incurred economic and non-economic damages, and is entitled to compensatory damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff DANIELLE VEGA demands judgment for compensatory damages in an amount to be determined by a jury and such other and further relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff incorporates by reference as though fully set out herein the allegations of Paragraphs 1-42 of this Complaint.

68. Mr. Green, while engaging in the grooming process, knowingly and intentionally caused severe emotional distress and physical injury to Plaintiff when he sexually abused her. The sexual abuse of a minor is beyond the bounds of all socially tolerable conduct.

69. Mr. Green was able to engage in this conduct as a direct result of Defendant's breach of their duty to protect Plaintiff.

70. As a direct result of Mr. Green's intentional infliction of emotional distress, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff DANIELLE VEGA demands judgment for compensatory damages in an amount to be determined by a jury and such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff DANIELLE VEGA demands judgment for compensatory damages in an amount to be determined by a jury and such other and further relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff incorporates by reference as though fully set out herein the allegations of Paragraphs 1-42 of this Complaint.

68. Mr. Green, while engaging in the grooming process, knowingly and intentionally caused severe emotional distress and physical injury to Plaintiff when he sexually abused her. The sexual abuse of a minor is beyond the bounds of all socially tolerable conduct.

69. Mr. Green was able to engage in this conduct as a direct result of Defendant's breach of their duty to protect Plaintiff.

70. As a direct result of Mr. Green's intentional infliction of emotional distress, Plaintiff has incurred economic and non-economic damages and is entitled to compensatory damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff DANIELLE VEGA demands judgment for compensatory damages in an amount to be determined by a jury and such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all claims so triable.

Dated this 3rd day of February, 2023.

*/s/Basyle J. Tchividjian*
Basyle J. Tchividjian, Esquire
Florida Bar No. 0985007
BozLaw, P.A.
112 West New York Avenue
Suite 207
DeLand, FL 32720
(386) 682-5540


*/s/ Albert J. Yonfa*
Albert J. Yonfa, Jr., Esquire
Florida Bar No. 65571
NeJame Law
189 South Orange Street
Suite 1800
Orlando, FL 32801
(407) 500-0000

*Attorneys for Plaintiffs*